# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50027 | **DATE** | 4/1/2010 |
| **CASE TITLE** | Brown vs. Winnebago County Housing Authority, et al | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, plaintiff's motion for a temporary restraining order is granted. Defendant, Winnebago County Housing Authority ("WCHA") is restrained from enforcing prospectively its decision to terminate plaintiff's rent subsidy until the expiration of this TRO. This means WCHA shall pay the subsidy for plaintiff's rent due for April 2010. This TRO shall expire on April 14, 2010, at 3pm Central Daylight Time unless extended for good cause by further order of the court.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT

Plaintiff, Rena Brown, by her amended complaint, brings an action against defendants, Winnebago County Housing Authority ("WCHA"), Alan Zais, in his official capacity as executive director of WCHA[1], and Linda Cornell. Plaintiff's Section 8 housing subsidy was terminated by WCHA and Cornell served as the hearing officer who reviewed and upheld the decision to terminate the subsidy. Plaintiff brings a claim under 42 U.S.C. § 1983 for a denial of due process (Count I) and a claim for judicial review, by common law writ of certiorari, of the administrative decision terminating her benefits (Count II). Plaintiff initially filed this matter in state court. Defendants removed and plaintiff has filed an amended complaint. Jurisdiction is proper under 28 U.S.C. §§ 1331 & 1367(a). Plaintiff seeks a temporary restraining order ("TRO") to stop the cutoff of her subsidy.

To obtain a TRO, as with a preliminary injunction, plaintiff must show by a preponderance of evidence 1) a likelihood of success on the merits; 2) lack of an adequate remedy at law; and 3) irreparable harm if the injunction is not granted. Woods v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If these requirements are met, then the court balances the relative harms that could be caused to the parties. Id. The court finds, in looking at the administrative review claim, that plaintiff has met this burden.

Illinois provides for judicial review of governmental actions by the common law writ of certiorari, when the action at issue is not expressly brought within the scope of the Illinois Administrative Review Act. There is no dispute that the common law writ of certiorari is the proper vehicle for reviewing the termination decision of WCHA. The standard of review for factual findings is manifest weight of the evidence and questions of law are reviewed de novo. See Gaffney v. Bd. of Tr. of Orland Park Fire Prot. Dist., 921 N.E.2d 778, 783 (Ill. App. 2009); see also, Lindsey v. Bd. of Educ. of the City of Chicago, 819 N.E.2d 1161, 1167-68 (Ill. App. 2004).

WCHA terminated plaintiff's subsidy based on a policy that permits the termination of assistance when it is determined "[a]ny household member is currently engaged in any illegal use of drugs, or has a pattern of illegal drug use that interferes with the health, safety, or right to peaceful enjoyment of the

**STATEMENT**

premises by other residents." Compl. Ex. A. A review of the record before the court shows that the only evidence presented in support of the termination was a document purporting to be a printout from the Winnebago County Circuit Clerk's files showing pending drug-related criminal charges against a person named Rena A.Mason. While defendant, through the affidavit of Cornell, states plaintiff's file at WCHA listed a Rena A. Mason as a household member, that file is not in the record before the court. Nothing in the administrative record indicates that the Rena A. Mason listed in the circuit clerk's printout is a member of plaintiff's household.

WCHA has procedures for conducting informal reviews and hearings. Defendants have included these procedures as Exhibit F to their response to the TRO motion. These procedures define hearsay evidence as "evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter." Def. Resp. Ex. F, p. 16-20. The procedures allow hearsay evidence to be presented but provide that "hearsay evidence alone cannot be used as the sole basis for the hearing officer's decision." Id. Under this definition, the circuit clerk's printout constitutes hearsay evidence as it is not a statement made by a witness while testifying at the hearing and is offered to prove the truth of the matter, the existence of pending criminal charges against Rena A. Mason. Since this printout is the sole evidence in the record supporting the termination of plaintiff's benefit, the decision appears to be improperly based solely on hearsay evidence, and thus, against the manifest weight of the evidence, as at least some non-hearsay evidence appears to be required under WCHA's hearing procedures to support a termination decision. Accordingly, plaintiff is likely to succeed on the merits on her administrative review claim.

The record before the court also indicates, at this point, a likelihood of success on the due process claim for the same reasons success is likely on the administrative review claim. Based on the record before the court, the hearing officer appears to have relied on items outside this record in reaching her decision and considered a hearsay document, depriving plaintiff of an opportunity to meaningfully confront the evidence relied upon.

Plaintiff lacks an adequate remedy at law and will suffer irreparable harm in the absence of the TRO as the failure to provide the benefit will result in plaintiff's inability to pay her rent in full. Default on her rent entitles the landlord to evict her from the premises. Plaintiff will be put through the difficulties of attempting to find a new place to live and moving, assuming she could find a place she could afford without the benefit. A post-eviction reinstatement of her benefit would not recoup the losses associated with eviction.

Having met the three requirements for a TRO, the court now looks at the balance of harm between the parties. WCHA's harm is slight in that it must continue to pay a small subsidy for plaintiff's rent until this order expires.

Based on the foregoing, the court finds plaintiff is likely to succeed on the merits of her administrative review claim (as well as the due process claim) as the agency decision appears to have been based solely on hearsay evidence in violation of the WCHA's procedures; that she has no adequate remedy at law and will suffer irreparable harm in the absence of a restraining order due to the nonpayment of her rent triggering a right in her landlord to evict her permanently depriving her of the right to possess her current residence. Therefore, the court enters a TRO, restraining WCHA from enforcing prospectively its decision to terminate plaintiff's rent subsidy until the expiration of this TRO. This means WCHA shall pay the subsidy for plaintiff's rent due for April 2010. This TRO shall expire on April 14, 2010, at 3pm Central Daylight Time unless extended for good cause by further order of the court.

---

1. Naming him in his official capacity is redundant because a claim against a government official in his official capacity is actually a claim against the entity itself. Robinson v. Sappington, 351 F.3d 317, 340 (7th Cir. 2003).